WILLIAM R. TAMAYO, SBN 084965 (CA)
MARCIA L. MITCHELL, SBN 18122 (WA)
SIRITHON THANASOMBAT, SBN 270201 (CA)
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, CA 94105
Telephone No. (415) 625-5622
Fax No. (415) 625-5657
Sirithon.Thanasombat@eeoc.gov

*Attorneys for Plaintiff EEOC*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, N.A.,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT – TITLE VII**<br>• **CIVIL RIGHTS**<br><br>**[42 U.S.C. §§ 2000e, et seq.]**<br><br>**JURY TRIAL DEMAND** |

## NATURE OF ACTION

The United States Equal Employment Opportunity Commission ("EEOC") brings this employment discrimination action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 against Defendant Wells Fargo Bank, N.A. (the "Defendant Employer") to correct unlawful employment practices on the basis of sex and constructive discharge, and to provide appropriate relief to Charging Party Joanna Garcia and Claimants Courtney Dyer, Megan Moore, and Kayla Johnston who were adversely affected by such practices (hereinafter collectively referred to as "Aggrieved Employees"). As alleged with greater particularity in Paragraph 10 below, the Aggrieved Employees were subjected to unwelcome and offensive verbal, visual, and physical conduct of a sexual nature by a supervisor and another co-worker, both employees of the Defendant, which was sufficiently severe and pervasive to adversely affect the terms and conditions of their

employment and create a hostile work environment. Defendant knew or should of known of the hostile work environment, but failed to take prompt, effective remedial action. Plaintiff also alleges that Defendant constructively discharged Ms. Garcia when it permitted the hostile environment to continue and worsen to the point that it rendered her working conditions so intolerable that she was forced to resign.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.

2. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Nevada.

## PARTIES

3. Plaintiff EEOC is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by § 2000e-5(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3) and § 2000e-6.

4. At all relevant times, Defendant Wells Fargo Bank, N.A., has continuously been a corporation doing business in the State of Nevada, and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## CONDITIONS PRECEDENT

6. More than thirty days prior to the institution of this lawsuit, Ms. Garcia filed a charge of discrimination with the EEOC alleging violations of Title VII by Defendant Employer.

7. The EEOC investigated the charge.

8.      The EEOC issued a Letter of Determination finding reasonable cause to believe that Defendant Employer subjected the Aggrieved Employees to a sexually hostile work environment in violation of Title VII.  Further, the EEOC found that the evidence established reasonable cause to believe that Ms. Garcia was constructively discharged in violation of Title VII.

9.      The EEOC attempted to conciliate the charge through informal methods of conciliation, conference, and persuasion within the meaning of Section 706(b) of Title VII, 42 U.S.C. § 2000e-5(b).  However, conciliation was unsuccessful.  All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

10.     Since at least December 2010, Defendant Employer has engaged in unlawful employment practices at its Reno, Nevada, facility in violation of Sections 703(a) of Title VII, 42 U.S.C. §§ 2000e-2(a).

(a)     Denise Tyre, Service Manager, and Danielle Bruno, Teller, of Defendant Employer, subjected the Aggrieved Employees to regular, repeated, and unwelcome harassment based on sex.  Specifically the behavior included, but was not limited to, frequent sexually explicit comments about breasts and penises; sexually obscene gestures; images of male genitalia; graphic discussions of sexual behavior and activities; suggesting that the Aggrieved Employees should wear, like Tyre and Bruno, sexually provocative work attire in order to attract or retain customers; and inappropriate touching of employees' breasts and other parts of their bodies.  Ms. Tyre also encouraged the Aggrieved Employees to be highly sexualized in order to advance in the workplace.

(b)     The Aggrieved Employees did not approve of, or welcome, the behavior described in the preceding paragraph.  The behavior was objectively and subjectively hostile and sufficiently severe and pervasive to adversely affect the terms and conditions of the Aggrieved Employees' employment and to create a hostile, abusive work environment.

(c)     Defendant Employer knew or should have known of the hostile work environment. Beginning in January 2011, several of the Aggrieved Employees, including Ms. Garcia, Ms. Dyer, and Ms. Johnston, expressly complained multiple times to Defendant Employer's

managers, including two branch managers and the district manager, about the harassment.

(d) Defendant Employer failed to take prompt, effective remedial action to correct the hostile work environment and permitted the harassment to continue and worsen.

(e) Defendant Employer constructively discharged Ms. Garcia by permitting the hostile environment to continue and worsen to the point that it rendered her working conditions so intolerable that she was forced to resign in April 2011.

11. The effect of the practices complained of in Paragraph 10 above has been to deprive the Aggrieved Employees of equal employment opportunities and otherwise adversely affect their status as employees, because of their sex.

12. The unlawful employment practices complained of in Paragraph 10 above were intentional.

13. The unlawful employment practices complained of in Paragraph 10 above were done with malice or with reckless indifference to the federally protected rights of the Aggrieved Employees.

14. As a direct and proximate cause of the Defendant Employer's acts as stated above, the Aggrieved Employees suffered emotional pain, suffering, humiliation, inconvenience, loss of enjoyment of life, and damages.

15. As a direct and proximate cause of the Defendant Employer's acts as stated above, Ms. Garcia suffered loss of earnings including back pay, front pay, and benefits in amounts according to proof.

## PRAYER FOR RELIEF

Based on the foregoing, the EEOC respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, agents, servants, employees, and all persons in active concert or participation with them, from engaging in discrimination on the basis of sex.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for all employees regardless of sex, and which

COMPLAINT
EEOC v. WELLS FARGO BANK, N.A.                     4

1  eradicate the effects of its past and present unlawful employment practices. Such relief includes
2  changes in Defendant Employer's practices to protect other employees from discrimination through
3  training, reporting of complaints, and recordkeeping.

4      C.    Order Defendant Employer to make whole Ms. Garcia by providing appropriate back
5  pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief
6  necessary to eradicate the effects of its unlawful employment practices, including but not limited to
7  front pay.

8      D.    Order Defendant Employer to make whole the Aggrieved Employees by providing
9  compensation for past and future pecuniary losses resulting from the unlawful employment practices
10 described in Paragraph 10 above, in amounts to be determined at trial.

11     E.    Order Defendant Employer to make whole the Aggrieved Employees by providing
12 compensation for past and future non-pecuniary losses resulting from the unlawful practices
13 complained of in Paragraph 10 above, in amounts to be determined at trial.

14     F.    Order Defendant Employer to pay the Aggrieved Employees punitive damages for its
15 malicious and reckless conduct described in Paragraph 10 above, in amounts to be determined at
16 trial.

17     G.    Grant such further relief as the Court deems necessary and proper in the public
18 interest.

19     H.    Award the Commission its costs of this action.

25 / / /
26 / / /
27 / / /

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated:  September 25, 2013    Respectfully Submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 M Street, NE
Washington, DC 20507

By:   /s/  William Tamayo
       WILLIAM TAMAYO
       Regional Attorney

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
SAN FRANCISCO DISTRICT OFFICE