**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>Defendants. | 3:13-CV-528-RCJ-WGC<br><br>**ORDER** |

Currently before the Court are a Motion for Admission of Marcia Mitchell (#2), Motion for Admission of Jonathan Peck (#3), Motion for Admission of William Tamayo (#4), Motion for Admission for Sirithon Thanasombat (#5), and the EEOC's Unopposed Motion for Stay with Extension with Request for Expedited Ruling (#6).

**DISCUSSION**

On September 25, 2013, Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") filed a Title VII civil rights complaint against Defendant Wells Fargo Bank, N.A. (Compl. (#1)). The EEOC has not yet served the complaint.

On September 27, 2013, EEOC attorneys Marcia Mitchell, Jonathan Peck, William Tamayo, and Sirithon Thanasombat moved for admission to appear in this Court pursuant to Local Rule IA 10-3. (*See* Mot. for Admission (#2, 3, 4, 5)).

On October 1, 2013, Plaintiff filed a motion to stay the litigation and extend all deadlines due to the imminent federal government shutdown. (Mot. to Stay (#6) at 1). Plaintiff asserts that EEOC lawyers and legal staff will be prohibited from engaging in litigation activities during the federal government shutdown. (*Id.* at 2). Plaintiff requests that this Court stay the litigation

for the duration of the shutdown and extend all deadlines that occur during the shutdown for the same time period as the shutdown. (*Id.*). Plaintiff provides the example that if the EEOC remains without funding from October 1 through October 7, 2013 then any deadlines during that period should be extended for seven days. (*Id.*).

The Court denies Plaintiff's request for a stay. The Court notes that Plaintiff commenced litigation on September 25, 2013 and has not served the complaint to Defendant. Pursuant to Federal Rule of Civil Procedure 4(m), Plaintiff has 120 days to serve the complaint, a period of time that will exceed any government shutdown. As such, the Court finds that a stay is unnecessary in this case and denies the motion.

Additionally, Nevada Local Rule IA 10-3 provides that: "*Unless otherwise ordered by the Court*, any nonresident attorney who is a member in good standing of the highest court of any state, commonwealth, territory or the District of Columbia, who is employed by the United States as an attorney and, while being so employed, has occasion to appear in this Court on behalf of the United States, shall, upon motion of the United States Attorney or the Federal Public Defender for this District or one of the assistants, be permitted to practice before this Court during the period of such employment." Nev. Loc. R. IA 10-3 (emphasis added).

The Court denies the motions for admission at this time. Before the Court will permit the EEOC attorneys to practice before this Court, the Court requires a showing that the Nevada admitted Assistant United States Attorneys in our judicial district are incapable of handling this matter and, more importantly, make a showing that petitioners are willing to abide by the ethical standards of this Court and the State Bar of Nevada by not filing frivolous and time-wasting motions.

**CONCLUSION**

For the foregoing reasons, IT IS ORDERED that the Motion for Admission of Marcia Mitchell (#2) is DENIED.

IT IS FURTHER ORDERED that the Motion for Admission of Jonathan Peck (#3) is DENIED.

IT IS FURTHER ORDERED that the Motion for Admission of William Tamayo (#4) is

DENIED.

IT IS FURTHER ORDERED that the Motion for Admission for Sirithon Thanasombat (#5) is DENIED.

IT IS FURTHER ORDERED that the EEOC's Unopposed Motion for Stay with Extension with Request for Expedited Ruling (#6) is DENIED.

Dated: This 2nd day of October, 2013.

_____
United States District Judge