1  DANIEL G. BOGDEN
   United States Attorney
2
3  GREG ADDINGTON
   Nevada Bar # 6875
4  Assistant United States Attorney
   100 West Liberty Street, Suite 600
5  Reno, NV 89501
6  (775) 784-5438
   (775) 784-5181-facsimile
7
                    UNITED STATES DISTRICT COURT
8
                         DISTRICT OF NEVADA
9

U.S. EQUAL EMPLOYMENT            Case No. 3:13-cv-00528-RCJ-WGC
OPPORTUNITY COMMISSION,

                                 **MOTION FOR RECONSIDERATION**
           Plaintiff,            **REGARDING ORDER (#7) DENYING**
                                 **ADMISSION OF EEOC ATTORNEYS**
     v.

WELLS FARGO BANK, N.A.,

           Defendant.

## MOTION FOR RECONSIDERATION

The United States Attorney for the District of Nevada, together with the plaintiff, U.S. Equal Employment Opportunity Commission ("EEOC"), respectfully seek reconsideration of the Court's October 2, 2013 Order ("Order") (ECF No. 7), in which the Court denied motions by the U.S. Attorney for the District of Nevada to allow EEOC Regional Attorney, William Tamayo; EEOC Supervisory Trial Attorney, Jonathan Peck; EEOC Supervisory Trial Attorney, Marcia Mitchell; and EEOC Trial Attorney, Sirithon Thanasombat (collectively, "EEOC attorneys") to appear on behalf of Plaintiff, EEOC, in this case. (ECF Nos. 2, 3, 4, and 5). The Court stated that "[b]efore the Court will permit the EEOC attorneys to practice before this Court, the Court requires a showing that the Nevada admitted Assistant United States Attorneys in our judicial district are incapable of handling this matter

*EEOC v. Wells Fargo Bank, N.A.*, Case No. 3:13-cv-00528-RCJ-WGC
Motion for Reconsideration
Page 1

and, more importantly, make a showing that petitioners are willing to abide by the ethical standards of this Court and the State Bar of Nevada by not filing frivolous and time-wasting motions." Order at 2.

The United States Attorney and the EEOC respectfully submit that reconsideration is appropriate here because the Order is inconsistent with federal law. The EEOC is an independent agency of the United States. Congress granted the EEOC the statutory authority to institute civil actions under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"). 42 U.S.C. § 2000 et. seq. Under Section 705 of Title VII, the Chair of the EEOC is responsible for the administrative operations of the agency, and the General Counsel is responsible for conducting litigation to enforce the statute. 42 U.S.C. §§ 2000e-4(a), 2000e-4(b)(1), 2000e-4(b)(2). Attorneys appointed pursuant to Section 705 are authorized to appear for and represent the Commission in any case in court. 42 U.S.C. §§ 2000e-4(b)(1) - (2). The EEOC San Francisco District Office is responsible for enforcement of Title VII in the State of Nevada counties of Carson City, Churchill, Douglas, Elko, Eureka, Humboldt, Lander, Lyon, Pershing, Storey, Washoe and White Pine.

The Court's recent Order was made in clear error because Title VII clearly authorizes EEOC attorneys to practice before this Court at the direction of the Commission, and limits the role of the U.S. Attorney General to litigating cases where the respondent is a government entity or political subdivision, or where the EEOC is a party in the Supreme Court. 42 U.S.C. §§ 2000e-4(b)(2), 2000e-5(f)(1). Title VII does not empower the U.S. Attorney's Office with authority to litigate cases against private employers, thus, rendering Assistant U.S. Attorneys for the District of Nevada "incapable of handling" the present case. The U.S. Attorney and the EEOC therefore respectfully request that the Court reconsider its Order and allow the EEOC attorneys to appear before this Court as counsel for the Plaintiff and fulfill their duties under Title VII.

## FACTUAL AND PROCEDURAL BACKGROUND

On September 25, 2013, the EEOC initiated this employment discrimination action under Title VII and Title I of the Civil Rights Act of 1991 against Defendant Wells Fargo Bank, N.A. to correct unlawful employment practices on the basis of sex and constructive discharge. On September 27, 2013, the U.S. Attorney for the District of Nevada filed four motions to permit the appearance of Ms. Marcia

Mitchell (ECF No. 2), Mr. Jonathan Peck (ECF. No. 3), Mr. William Tamayo (ECF. No. 4), and Ms. Sirithon Thanasombat (ECF. No. 5) in all matters related to this case. In those motions, the U.S. Attorney confirmed that Ms. Mitchell, Mr. Peck, Mr. Tamayo, and Ms. Thanasombat are attorneys employed by the EEOC. The motion also explained that Ms. Mitchell is a member in good standing of the State Bar of Washington, that Mr. Peck is a member in good standing of the State Bar of Virginia, and that Mr. Tamayo and Ms. Thanasombat are members in good standing of the State Bar of California.

On October 2, 2013, the Court issued an Order denying the four motions to appear. (ECF No. 7.) In that Order, the Court explained that Nevada Local Rule IA 10-3 provides for the appearance of any nonresident attorney employed by the United States "unless otherwise ordered by the Court." Order at 2. The Court then denied the four motions to appear. It stated that, prior to permitting the EEOC attorneys to appear, it required "a showing that the Nevada admitted Assistant United States Attorneys in [the District of Nevada] are incapable of handling this matter and, more importantly . . . a showing that petitioners are willing to abide by the ethical standards of this Court and the State Bar of Nevada by not filing frivolous and time-wasting motions." *Id.* at 2. The Court provided no rationale for denying the motions. The Court, moreover, had no prior experience with the EEOC attorneys, none of whom has appeared before the Honorable Judge Robert C. Jones in the past.

## LEGAL BACKGROUND

Title VII grants exclusive authority to the EEOC, not the U.S. Attorney, to litigate employment discrimination suits against nongovernmental defendants. 42 U.S.C. § 2000 et seq. Enacted on July 2, 1964, Title VII prohibits employment discrimination based on race, color, religion, sex, and national origin. This federal law also created the EEOC, the agency empowered to "prevent any persons from engaging in any unlawful employment practice as set forth in [sections] of this title." 42 U.S.C. §§ 2000e-4, 2000e-5. The Equal Employment Opportunity Act of 1972 amended Title VII to provide the EEOC the authority to sue nongovernment respondents—such as employers, unions, and employment agencies—in federal court if, *inter alia*, the agency cannot secure an acceptable conciliation agreement. Equal Employment Opportunity Act of 1972, Pub. L. No. 92-261, 86 Stat. 103 (1972);

*Equal Employment Opportunity Commission v. Kimberly-Clark Corp.*, 511 F.2d 1352, 1355 (6th Cir. 1975) (holding that through the 1972 amendment, Congress intended to give broad authority to the Commission to enforce Title VII).[1]

## ARGUMENT

District courts have inherent authority to reconsider, rescind, or modify an interlocutory order as long as the court retains jurisdiction over the case. *City of L.A. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (internal citation omitted); *United States v. Martin*, 226 F.3d 1042, 1049 (9th Cir. 2000). A motion for reconsideration is appropriate when the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law. *School Dist. No. 1J Multnomah Cnty, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *Villanueva v. United States*, 662 F.3d 124, 128 (1st Cir. 2011) (where movant shows district court has misunderstood the party or made error of apprehension reconsideration may be proper). In this case, the Order denying appearance should be reconsidered because it amounts to clear legal error.

As a threshold matter, the Order must be reconsidered because the Court declined to articulate its reasons for denying the motions to appear. A court denying an application to appear "must articulate [its] reasons, for the benefit of the defendant and the reviewing court. [M]echanistic application of rules limiting such appearances is improper." *United States v. Ries*, 100 F.3d 1469, 1472 (9th Cir. 1996) (quotation marks and internal citations omitted). The Court in this case provided no such articulation. Instead the Court states that before permitting the EEOC attorneys to practice before it, the Court required a showing that the EEOC attorneys are "willing to abide by the ethical standards of this Court and the State Bar of Nevada by not filing frivolous and time-wasting motions."

---

[1] The litigation authority and jurisdiction of the EEOC was again expanded by the Reorganization Plan No. 1 of 1978. In a speech to Congress, former President Jimmy Carter stated that the Reorganization Plan No. 1 of 1978 made the EEOC the "principal Federal agency in fair employment enforcement" and "gives the [EEOC] . . . the primary Federal responsibility in the area of job discrimination." Message of the President (February 23, 1978).

*EEOC v. Wells Fargo Bank, N.A.*, Case No. 3:13-cv-00528-RCJ-WGC
Motion for Reconsideration
Page 4

Order at 2. This requirement is neither included in the Local Rules nor the Federal Rules of Civil Procedure as a precondition to appearing before this court. Moreover, the Court made no findings concerning the professional conduct of any of the EEOC attorneys or concerning any other bases for eligibility under the Local Rules. The discretion to grant or deny a motion to appear provided to the Court by Nevada Local Rule IA 10-3 does not absolve the Court from articulating the basis for its decision. Therefore, the absence of any explanation for the Court's decision in this case was clear error, and reconsideration of the Order is appropriate.

The Order also was made in clear legal error because it directly conflicts with Title VII. 42 U.S.C. § 2000 et seq. Title VII expressly authorizes the EEOC to bring a civil action in three situations: the Commission can file a suit against a nongovernmental respondent if it is unable to secure a conciliation agreement with the respondent, or if the Commission has reasonable cause to believe a nongovernmental employer is engaged in a pattern or practice of employment discrimination. 42 U.S.C. §§ 2000e-5(f)(1), 2000e-(6)(a)-(c); *see also, EEOC v. General Tel. Co.*, 599 F.2d 322 (9th Cir.1979); *Equal Employment Opportunity Commission v. Sears, Roebuck & Co.*, 504 F.Supp. 241 (N.D.Ill. 1980). Title VII also expressly empowers the EEOC to bring an action for appropriate temporary or preliminary relief if the Commission determines that prompt judicial action is necessary. 42 U.S.C. § 2000e-5(f)(2). The Court here mistakenly assumed that the U.S. Attorney for the District of Nevada has jurisdiction and authority to "handl[e] this matter." Order at 2. However, Title VII only names the EEOC General Counsel, appointed by the President, as the individual responsible for conducting litigation pursued under this statute. 42 U.S.C. § 2000e-4(b)(1).

Title VII also expressly allows EEOC attorneys to "appear for and represent the Commission in any case in court . . . ." 42 U.S.C. § 2000e-4(b)(2). Of particular relevance here, this statutory authority is not constrained by the residency of the attorney in question. To the contrary, 42 U.S.C.§ 2000e-4(b)(2) makes clear that EEOC attorneys appointed by the General Counsel to represent the agency may appear for and represent the agency "in *any* case in court . . .." 42 U.S.C. § 2000e-4(b)(2). The statute grants the EEOC Chair authority over the administrative operations of the agency and the General Counsel the discretion to conduct litigation under the statute. Consistent with this

authority, attorneys from the EEOC San Francisco District office have been designated to litigate cases arising in Washoe County, Nevada. By denying the motions for appearance, the Court incorrectly infringed on the statutory authority of the EEOC Chair and General Counsel to determine to whom litigation responsibilities will be assigned.

The Attorney General is not authorized to litigate Title VII actions filed against nongovernmental defendants, such as Wells Fargo Bank, N.A. *See* 42 U.S.C. § 2000e-4(b)(1). There are only limited circumstances where the Attorney General may pursue a Title VII action: where the respondent named in the charge is a government, governmental agency, or political subdivision, 42 U.S.C. § 2000e-5(f)(1), or where the EEOC is a party in the U.S. Supreme Court, 42 U.S.C. § 2000e-4(b)(2). The Assistant U.S. Attorneys, serving under the direction of the Attorney General, therefore, lack the statutory authority to represent the EEOC in this action.

Finally, the EEOC petitioners are willing to abide by the ethical standards of this Court and the State Bar of Nevada. As federal government lawyers, the EEOC attorneys are bound by the Federal Rules of Civil Procedure, including Rule 11 which requires, *inter alia*, that an attorney certify to the best of the person's knowledge that all pleadings or written motions presented to the court will not be filed for an improper purpose, and that legal contentions are warranted by existing law or by a non-frivolous argument. FED. R. CIV. PRO. 11(b). There is no evidence that EEOC attorneys will not proceed professionally and ethically.

## CONCLUSION

Title VII empowers only the EEOC to initiate civil actions and to conduct litigation pursued under this statute when a charge is made against nongovernmental respondents. Wells Fargo Bank, N.A. is the nongovernmental defendant in the case, and thus, the Attorney General and the U.S. Attorney's Office lack the jurisdiction and statutory authority to litigate the present matter before this Court. Nothing in the Order provides a basis for overriding the statutory authority provided to the EEOC by Title VII. Accordingly, and for all of the foregoing reasons, the United States Attorney and

the EEOC request that the Court reconsider its Order, and that it allow the EEOC attorneys to appear as counsel before this Court in the present action.

                DANIEL G. BOGDEN
                United States Attorney
                District of Nevada

                /s/ Greg Addington
                GREG ADDINGTON
                Assistant United States Attorney
                Nevada Bar. No. 6875
                100 West Liberty Street, Suite 600
                Reno, Nevada 89501
                Phone: (775)334-3347
                Facsimile: (775)784-5381
                Email: Greg.Addington@usdoj.gov

                [signature]
                WILLIAM TAMAYO
                Regional Attorney
                U.S. EEOC
                450 Golden Gate Avenue
                5 West P.O. Box 36025
                San Francisco, CA 94102
                Phone: (415) 522-3366
                Facsimile: (415) 522-3425
                Email: William.Tamayo@eeoc.gov

**CERTIFICATE OF SERVICE**

It is hereby certified that service of the foregoing **MOTION FOR RECONSIDERATION REGARDING ORDER (#7) DENYING ADMISSION OF EEOC ATTORNEYS** was made through the Court's electronic filing and notice system (CM/ECF) on November 25, 2013.

        /s/ Greg Addington
        GREG ADDINGTON