# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, )<br>)<br>)<br>Plaintiff,   )<br>)<br>vs.   )<br>)<br>)<br>WELLS FARGO BANK, N.A.,   )<br>)<br>Defendant.   )<br>) | 3:13-cv-00528-RCJ-WGC<br><br>ORDER |

Pending before the Court is Plaintiff EEOC's motion to reconsider (ECF No. 8) this Court's October 2, 2013 Order denying Plaintiff's motions to admit four out-of-state EEOC attorneys. Plaintiff has also moved for expedited review (ECF No. 9), which the Court now grants. For the reasons stated herein, the motion to reconsider is denied.

## I.   LEGAL STANDARD

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F.Supp.2d 1280, 1288 (D. Nev. 2005).

## II. ANALYSIS

In its October 2, 2013 Order, the Court denied Plaintiff's four motions for admission, explaining:

> Nevada Local Rule IA 10-3 provides that: "*Unless otherwise ordered by the Court*, any nonresident attorney who is a member in good standing of the highest court of any state, commonwealth, territory or the District of Columbia, who is employed by the United States as an attorney and, while being so employed, has occasion to appear in this Court on behalf of the United States, shall, upon motion of the United States Attorney or the Federal Public Defender for this District or one of the assistants, be permitted to practice before this Court during the period of such employment." Nev. Loc. R. IA 10-3 (emphasis added).
>
> The Court denies the motions for admission at this time. Before the Court will permit the EEOC attorneys to practice before this Court, the Court requires a showing that the Nevada admitted Assistant United States Attorneys in our judicial district are incapable of handling this matter and, more importantly, a showing that petitioners are willing to abide by the ethical standards of this Court and the State Bar of Nevada by not filing frivolous and time-wasting motions.

(Order, ECF No. 7, at 2). Plaintiff contends that this Order represents clear legal error, and that reconsideration is therefore appropriate. Plaintiff is incorrect.

Plaintiff appears to assert two instances of clear error: First, it contends that "[a] court denying an application to appear 'must articulate [its] reasons, for the benefit of the defendant and the reviewing court. [M]echanistic application of rules limiting such appearances is improper.'" (Mot. to Recons., ECF No. 8, at 4 (quoting *United States v. Ries*, 100 F.3d 1469, 1472 (9th Cir. 1996))). Because Plaintiff has conspicuously failed to do so, the Court must highlight a critical difference between *Ries* and the instant matter: *Ries* involved a criminal defendant's Sixth Amendment right to counsel of his choice, which "includes the right to have an out-of-state lawyer admitted *pro hac vice*." 100 F3.d at 1471. There is, of course, no such Sixth Amendment protection in this or any other civil case. U.S. Const., Amdt. 6; *Turner v. Rogers*, 131 S.Ct. 2507, 2516 (2011) ("[T]he Sixth Amendment does not govern civil cases."). Therefore, *Ries* is entirely inapplicable, and the Court has not committed clear error.[1]

---

[1] Plaintiff's unexplained reliance on *Ries* in the instant motion signals one of two things: Plaintiff either (1) quoted from a three-page opinion without reading any other portion of it, or (2) recognized that the quoted language was inapplicable but nonetheless decided to present it to this

Furthermore, even if *Ries* applied, the Court finds that it has articulated its basis for denial quite clearly. However, for the Parties' benefit it will rephrase its reasons here: The Court concludes that it would be inherently unfair to allow out-of-state attorneys to unnecessarily practice in this Court, where such attorneys have failed to show that they will abide by the ethical rules governing the conduct of opposing counsel. Stated simply, the Court will not permit the attorneys in this case to be governed by different sets of ethical rules.

Second, Plaintiff contends that "[b]y denying the motions for appearance, the Court incorrectly infringed on the statutory authority of the EEOC Chair and General Counsel to determine to whom litigation responsibilities will be assigned." (*Id.* at 6). This contention is meritless, and it exemplifies the exact sort of argument that the Court sought to prevent through its earlier Order.

Here, Plaintiff rightly contends that "[u]nder Section 705 of Title VII, the Chair of the EEOC is responsible for the administrative operations of the agency, and the General Counsel is responsible for conducting litigation to enforce the statute." (*Id.* at 2 (citing 42 U.S.C. §§ 2000e-4(a), 2000e-4(b)(1), 2000e-4(b)(2))). Plaintiff further contends, and rightly so, that "42 U.S.C. §2000e-4(b)(2) makes clear that EEOC attorneys appointed by the General Counsel to represent the agency may appear for and represent the agency 'in *any* case in court.'" (*Id.* at 5 (quoting 42 U.S.C. §2000e-4(b)(2))) (emphasis in Plaintiff's motion). Finally, Plaintiff asserts that "Title VII . . . limits the role of the U.S. Attorney General to litigating cases where the respondent is a government entity or political subdivision, or where the EEOC is a party before the Supreme Court. (*Id.* at 2 (citing 42 U.S.C. §§ 2000e-4(b)(2), 2000e-5(f)(1))).

The Court acknowledges that Title VII does not authorize the U.S. Attorney's Office to litigate the instant case against a private employer. Therefore, Plaintiff has satisfied the Court's first requirement for admission by successfully demonstrating that the Assistant U.S. Attorneys

---

Court, without further explanation, as the governing rule. In either case, the unexplained *Ries* quotation only reinforces the Court's decision to require a showing of willingness to " abide by the ethical standards of this Court and the State Bar of Nevada by not filing frivolous and time-wasting motions."

for the District of Nevada are "incapable of handling" the present case. However, Plaintiff has failed to demonstrate that the Court's second required showing, "that petitioners are willing to abide by the ethical standards of this Court and the State Bar of Nevada by not filing frivolous and time-wasting motions," is clearly erroneous.

With respect to this prong, Plaintiff appears to imply that the General Counsel's statutory authority to appear and represent the EEOC in "in *any* case in court," coupled with the aforementioned limitation on the U.S. Attorney's office, effectively requires this Court to admit, without condition, any EEOC attorney that the General Counsel assigns to appear. Indeed, according to Plaintiff, the Court's current conditions for admission "infringed on the statutory authority of the EEOC Chair and General Counsel to determine to whom litigation responsibilities will be assigned." (*Id.* at 6). This position cannot be reasonably maintained.

A statutory grant of authority to represent the EEOC does not have the effect of mandating unconditional admission to practice before this Court. Section 42 U.S.C. §2000e-4(b)(2) simply empowers appointed attorneys to represent the Commission in any case in court. It does not grant such attorneys unfettered admission to practice before *any* court. Indeed, the statute's conspicuous inclusion of the word "any" immediately before the word "case," coupled with the absence of such language proceeding the word "court," signals that the drafters recognized what is obvious: A grant of representative authority is not synonymous with mandated, unconditional court admission, and it is for this Court, and not Congress, to determine which attorneys may properly appear before it, *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) ("Prior cases have outlined the scope of the inherent power of the federal courts. For example, the Court has held that a federal court has the power to control admission to its bar and to discipline attorneys who appear before it. While this power 'ought to be exercised with great caution,' it is nevertheless 'incidental to all Courts.'") (quoting *Ex parte Burr*, 22 U.S. 529, 531 (1824)) (internal citations omitted); *In re Snyder*, 472 U.S. 634, 645 n.6 (1985) ("Federal courts admit and suspend attorneys as an exercise of their inherent power."); *Gallo v. U.S. Dist. Ct. for the Dist. of Ariz.*, 349 F.3d 1169, 1185 (9th Cir. 2003) ("[T]he decision to grant *pro hac vice* status is discretionary."). Moreover, taking Plaintiff's argument to its logical terminus, Congress

could require this Court to admit anybody, including nonlawyers, to practice before it. This, of course, is plainly incorrect. *See Chambers*, 501 U.S. at 43 (1991).

Plaintiff's repeated reliance on statutes merely evidencing the EEOC's authority to litigate this case is unavailing. It cannot be seriously maintained that such statutes prevent this Court from requiring out-of-state, unadmitted attorneys to demonstrate that they will comply with the local rules of ethical conduct. Therefore, the motion to reconsider is denied. Plaintiff remains free to file individual affidavits for each attorney for whom admission is sought, evidencing that the particular attorney is willing to abide by the ethical standards of this Court and the State Bar of Nevada by, among other things, not filing frivolous and time-wasting motions.

## CONCLUSION

IT IS HEREBY ORDERED that Plaintiff's motion to reconsider (ECF No. 8) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's motion for expedited review (ECF No. 9) is GRANTED.

IT IS SO ORDERED

Dated: January 23, 2014

_____
ROBERT C. JONES
United States District Judge